MARLIN FIREARMS CO. v. KELLOGG.

(Circuit Court of Appeals, Second Circuit. April 6, 1906.)

No. 176.

PATENTS—INFRINGEMENT—BREECH-LOADING GUNS.

The Hepburn patent, No. 434,062, for a breech-loading gun, claim 27, which relates to an improved hook extractor, *held* not infringed.

Appeal from the Circuit Court of the United States for the District of Connecticut.

For opinion below, see 139 Fed. 31.

Milton E. Robinson, for appellant.
Robert C. Mitchell, for appellee.

Before WALLACE, LACOMBE, and TOWNSEND, Circuit Judges.

PER CURIAM. This appeal questions the correctness of the decision of the court below that claim 27 of the complainant's patent (No. 434,062, for breach-loading guns, granted to Hepburn August 12, 1890) was valid, and had been infringed by the defendant.

The part of the specification upon which the claim is founded is as follows:

"The solid walls of the breech bolt thus take all the strain brought upon the shank of the extractor, and there are no holding screws to come loose or wear out. On one side of the shank is a projection which fits in a corresponding recess formed in the side wall of the long recess, as shown, and which serves to lock the extractor in place and prevent it from being pulled endwise out of its seat when extracting the shell. The extractor thus made is simply set in the recess without other fastening; it being prevented from rising by the top wall of the frame when the breech bolt is in position, but being free to be lifted out when the bolt is detached. By this construction I avoid the use of any pin or screw and am enabled to remove the extractor whenever desired by the thumb and finger without the use of a tool."

The claim is as follows:

"(27) In combination with a reciprocating breech bolt for a gun, the spring hook extractor, t, set in a longitudinal recess or groove cut in said bolt in position to hold the shank of the extractor against the strain of its elastic hook and [in the act of engaging the cartridge] by the opposite solid

walls of said groove; the said extractor being held against longitudinal move-
ment in said groove by an enlargement arranged to fit in a corresponding
recess in the bolt, substantially as described."

The claim covers an improvement upon spring-hook extractors in
breech-loading guns. such as had been shown in the prior patent to
Barton (original and reissue) and the earlier patent to Hepburn, of
April 2, 1889, which improvement consists in details of construction
which may possibly have involved invention; but if so, invention of a
very limited scope.   The extractor of the defendant does not have one
of these details of construction which, by the claim, is made essential.
It is not "held against longitudinal movement in said grovè by an
enlargement" [the projection, w] "arranged to fit in a corresponding
recess in the bolt."   The extractor of the defendant's gun is secured by
the use of a pin, and cannot be removed "by the thumb and finger"
or "without the use of tools"; and, therefore, differs materially from
the extractor described in the specification and specified in the claim.
The pin in the defendant's gun passes not only through the extractor,
but entirely through the breech bolt.   It is not an equivalent of the
projection, because the invention described in the specification con-
sists in part in dispensing with the pin or screw and substituting there-
for the projection.

The decision of the court below practically makes the claim a new
one, and broadens it to cover an extractor which, if it could have been
the subject of a patent, is not the subject of the claim.

Because infringement was not established, the decree is reversed,
with costs, and with instructions to the court below to dismiss the bill,
with costs.